Lipscomb, J.
The statute under which the indie!ment was found is an follows, i.e.: That if any person shall play at any (avern, inn, store-house, house for retailing spirituous liquors, or any other public house, or in any street, or highway, or in any other public place, or any out-house where people resort, at any game or games with cards upon which .money or property or tito representative of either shall he bet, such person or persons so playing ¡-hall he deemed guilty of a misdemeanor, and on conviction thereof by indictment shall be fined in a sum not less than ten nor more than thirty-five, dollars.' (Hart. Dig., art. 1474.)
The question is not a new one, and we believe is fully answered in the ease of Pryor v. The State. (4 Tex. R., 383.) In that case, "in which the objection was that it was not proven who was the owner of the house and in the indictment the owner was named, the language of the court is, “ The most material “fact, and indeed all that was necessary to he averred, was the playing at a “public place, or at a house occupied for retailing- spirituous liquors. ’ It "could “ not be, important to allege, who owned the house-; suelian inquiry eonhl only “have been essential had filio owner or occupant been indicted for permit ling “playing- at cards in his house. In this indictment it is nothing- more than “surplusage; the indictment is good without it.” We believe the law was correctly ruled in the case cited, and we are therefore not at liberty to depart from it; and we believe therefore that the indictment in this case is good, and substantially follows the statute. The judgment is affirmed.
Judgment affirmed.